Logan & Cook v. Attix.

---

## LOGAN & COOK v. ATTIX.

Where a petition for a mechanic's lien, does not state the contract under which the lien is claimed, nor when it was made, nor what work and labor were performed, or what materials furnished, it does not entitle the plaintiff to a lien, and it is error to establish it.

The giving of promissory notes for work and labor performed, and materials furnished, in the erection of a house, will not divest the right of a party to the mechanic's lien; and the notes may properly be taken as the amount due, and of the time of payment under the contract.

Where the remedy given by a statute, is in derogation of the common law, it should be strictly followed.

As the petition is a statement of the facts upon which the plaintiff relies, it should state all the circumstances substantially necessary for the support of the action.

*Appeal from the Dubuque District Court.*

WEDNESDAY, OCTOBER 20.

This suit was commenced April 24th, 1857, and plaintiffs seek to recover for work and labor performed, and materials furnished, in and about the erection of a certain house, and pray a mechanic's lien.   When the work was done, and materials furnished, is not shown, but plaintiffs aver, that in pursuance of the contract under which they were furnished, and in consideration thereof, defendant, on the 20th of January, 1857, made his three promissory notes, due and payable as follows :   One on demand ; one in sixty days ; and one in ninety days from said date.   There was a demurrer to the petition, which, it seems, that the the court below disregarded, and the cause was heard before a jury upon the issues made by petition, answer and replication.   Verdict for plaintiff for the amount claimed, and finding that they were entitled to a lien upon the premises described in the petition.   Motions were made in arrest of judgment and for a new trial, which were over-ruled, and the plaintiffs' lien established.   Defendant appeals.

*Smith, McKinlay & Poor*, for the appellant.

*Vandever & Friend*, for the appellees.

WRIGHT, C. J.—The errors assigned relate alone to so much of the plaintiffs' case, as asks a mechanic's lien, and the action of the district court establishing the same.

The petition of plaintiffs did not entitle them to a mechanic's lien, and it was error to establish it as prayed. We shall refer to but one defect, substantial, as we think, in its character.   No contract is set forth, sufficiently showing the foundation of the plaintiffs' right to a lien.   It is stated that a contract was made, but when—what were its

terms—what work was done—what work was to be done—or what materials furnished—is not stated, nor attempted to be. No account, or bill of particulars, is attached to the petition. The absence of such an averment left the petition defective. *Greene & Bro.* v. *Ely*, 2 G. Greene, 208. The giving of the notes would not defeat the right to a lien; and they may be properly taken as the amount actually due, and of the time of payment; but the contract under which the work was done, and the materials furnished, is a different thing; and it is that which the law requires to be set forth. Code, section 985. It is from this that the court is to judge whether the applicant comes within the law, and is entitled to a lien. The remedy given by the statute is in derogation of the common law, and should be strictly followed. 2 G. Greene, 510; *Redman* v. *Williamson et al.*, 2 Iowa, 488; *Dewey* v. *Fifield*, 2 Wisconsin, 73; 2 Ib., 224. As the petition is a statement of the facts upon which the plaintiffs rely, it should state all the circumstances substantially necessary for the support of the action.

Without noticing the other points made, we think, for the reasons above stated, that the judgment should be reversed, and cause remanded, with leave to amend.