## Mervin v. Sherman, *et al.*

1. Misjoinder of parties and causes of action. Where a mechanic performed labor on property pursuant to a contract with the owner thereof, and a subsequent purchaser agreed in consideration of forbearance, to pay the amount due for such labor; *Held*, that there was no privity of contract between the grantor and the purchaser, and that they could not be joined in an action by the mechanic to establish his lien, and for a joint judgment.

2. Mechanic's liens: parties. Subsequent incumbrancers and purchasers, may be properly made parties to an action, to sustain a mechanic's lien.

3. Waiver of mechanic's lien. A mere promise by a subsequent purchaser, of property subject to a mechanic's lien, in consideration of forbearance, to pay the demand secured by the lien, is not collateral security within the meaning of section 1009 of the Code of 1851, and does not discharge the lien.

*Appeal from Dubuque District Court.*

Wednesday, October 19.

Petition asked a mechanic's lien. The contract was made with Nickols, and the action is brought against him, certain persons as subsequent incumbrancers, and Sherman a subse-

quent purchaser. The petition contains this averment: "said Sherman claims to be the owner of said premises, and as such, agreed in consideration of forbearance on the part of plaintiff to sue his claim at that time; that he, said Sherman, would pay him the said sum of (stating amount claimed of Nickols), within a reasonable time; and plaintiff alleges that the time for payment has long since elapsed; that said Sherman, although often requested, has never paid the same, or any part thereof, and that he now refuses to pay the same. Plaintiff therefore, prays judgment for the amount due him as aforesaid," and for the establishment of his lien. Sherman demurred to the petition, because: *First*, of misjoinder of parties. *Second*, misjoinder of causes of action. *Third*, the petition shows that plaintiff had taken collateral security, and thereby defeated his right to a lien.

This demurrer was overruled, and defendant declining to plead over, it was ordered that plaintiff was entitled to a lien, and to recover judgment for the amount claimed against said Nickols and Sherman; that they pay the amount so recovered by a day named; that in default thereof a special execution issue for the sale of the premises, and if said premises should not sell for sufficient to satisfy the judgment, that a general execution issue against said defendants for the balance. Sherman appeals.

*Thorington, Brown & Armstrong*, for the appellant.

*Cook Lindley & Clark*, for the appellee.

WRIGHT, C. J.—The demurrer should have been sustained. There was no priority of contract between Nickols and Sherman. Granting that they were severally liable to plaintiff, their liability arose from and grew out of separate and independent contracts. Plaintiff was not entitled to a mechanics' lien by virtue of any contract made with Sherman, giving it ever so much force, for he performed no work, nor furnished any materials upon or in fulfilment of it. This right to the lien, and to recover in this action, is based upon

his contract with Nickols, and it was clearly irregular to ask or take a joint judgment against Nickols and Sherman, when they never assumed any such liability.

It was not improper to make Sherman a party; and for the same reason that the subsequent incumbrancers were joined, that he and they being interested, might have an opportunity to resist the lien claimed, and that the plaintiff might the more conclusively establish his lien upon the property, and against them and their respective interests. But it is quite a different thing to ask and obtain a personal judgment against him. The case of *Goble* v. *Gale* and another, 7 Black. 218, referred to by appellee, is far from sustaining this judgment. There, Tuining, a subsequent mortgagee, was made a party, but no judgment was asked against him. In the Supreme Court, it was ordered that unless *Gale*, (the mortgagor,) or Tuining, should pay the amount found due plaintiff, "on or before the first day of the next term, a decree would be entered for the sale of the premises." The two cases are very unlike. In that case there was no judgment against either party; in this there is a personal judgment and an order for a special execution, and after that, upon a contingency named, for a general one.

It only remains to inquire whether, from the facts stated in the petition, and especially in view of the promise alleged to have been made by Sherman, plaintiff waived his lien? We think not. A party who takes collateral security on the same contract, is not entitled to a mechanic's lien. Code, section 1009. This means either a separate obligation attached to the contract named, to guaranty its performance; or it may be the transfer of property or of other contracts, to insure the performance of the principal agreement.

And in any event, the contract, promise, or property taken, must have been intended and accepted as collateral security, before the lien could be said to be waived or defeated. The promise of Sherman, tested by these rules, was in no proper sense collateral security. The personal

judgment against Sherman is reversed; in all and other respects, the proceedings are affirmed.