Noel v. Temple et al.

---

NOEL v. TEMPLE *et al.*

1. MECHANICS' LIEN: PRIORITY. The failure of a mechanic to file his statement for a lien within the time prescribed by § 1 of the act approved January 29th, 1857, operated to postpone the lien only as to subsequent purchasers, or incumbrancers whose liens accrued without notice of the mechanics' lien, after the expiration of the time within which the statement should have been filed and recorded.

*Appeal from Scott District Court.*

SATURDAY, OCTOBER 19.

THE facts are stated in the opinion of the court.

*Corbin, Dow & Brown* for the appellant.

I. It is expressly declared by the statute that the mechanic shall be entitled to his lien, even if he delay for more than thirty days after the performance of the work. Session Laws of 1857, chap. 220, § 2. The language of the statute is explicit and will not be changed by judicial construc-

tion. *Foley* v. *The People*, Breese 31; *District Township of the City of Dubuque* v. *The City of Dubuque*, 7 Iowa 262; *Saidler* v. *Young*, 2 Har. & J. 69; *Noble* v. *The State*, 1 Greene 330; 1 Kent Com. (7th ed.) 510; *Pearce* v. *Atwood*, 13 Mass. 324; *Doan* v. *Phillips*, 12 Pick. 223; *Pitman* v. *Flint*, 10 Pick. 506; *Waller* v. *Harris*, 20 Wend. 561; *Bidwell* v. *Whittaker*, 1 Mann (Mich.) 469; *United States* v. *Warner*, 4 McLean 463; *Ezekiel* v. *Dixon*, 3 Kelley 146; *Allen* v. *Hanford Insurance Company*, 2 Md. 111; *Allen* v. *Cook*, 26 Barb. 375; *Hoyt* v. *Howe*, 3 Wis. 758.

*A. W. Church* for the appellee.

I. This is a proceeding in chancery and must be tried *de novo* upon the entire case without regard to the appellant's bill of exceptions. *Stockwell* v. *David*, 1 G. Greene 115 *Austin & Spicer* v. *Carpenter*, 2 Ib. 131; *Pierson* v. *Wilson et al.*, 2 Iowa 20.

II. The plaintiff's bill should have been dismissed for want of equity on its face, because:

1. When a party has a plain and adequate remedy at law, he can not resort to chancery. *Harrington* v. *Cubbage*, 3 G. Greene 307; *Claussen* v. *Le Franz*, 4 G. Greene 224; *Brainard* v. *Holsaple*, 4 G. Greene 485; *Piggott* v. *Addicks*, 3 G. Greene 427. Text books on Eq. Jur. *passim*.

2. The appellant shows upon his bill that he has a complete and perfect statutory remedy, without such impediment to its enforcement as requires the intervention of a court of chancery. *Barrett* v. *Sargent*, 18 Verm. 365; *Lansing* v. *Eddy*, 1 John Ch. 49; *Coleman* v. *Freeman*, 3 Kelly 137; *Mitchell* v. *Oakley*, 7 Paige 68.

III. The evidence submitted in the cause shows that Noel failed to bring himself within the provisions of the Statute of 1857, by neglecting to file and record the statements required by that act, within thirty days from the time the work was completed.

IV. The judgment for a mechanic's lien, obtained October 29th, 1857, by Noel against Temple, does not bind the other appellees, they not having been made parties thereto. *Mervin* v. *Sherman*, 9 Iowa.

V. The construction of § 2 of the act of 1857, contended for by the counsel for the appellant, is not the true construction. It should be so interpreted as to advance its object by effectuating the design of the legislature. *Allen* v. *Parish*, 3 Ohio 198; *Henry* v. *Tilson*, 17 Ver. 479; *Commercial Bank of Natchez*, 8 S. & M. 9; *Thompson* v. *The State*, 20 Ala. 54.

LOWE, C. J.—In July, 1857, plaintiff contracted with the defendant, Thomas Temple, to furnish the material, and to erect upon his premises a house ; which he claims to have done, as per agreement, and on the 23d of September following, agreeably to the requirements of an act to amend the mechanics' lien law, (see chapter 64 of the Code of 1851,) approved January 29th, 1857, he filed in the office of the recorder and treasurer, of the county of Scott, a statement setting forth the kind of work done, the materials furnished, and the amount for which he claimed a mechanics' lien, &c. On the same day he commenced his suit against the said Temple, and at the October term following, obtained a judgment for $439.00, and had his mechanics' lien established on said premises.

On the 4th day of August, 1857, Temple executed to one Geo. L. Nickols, for the use of D. W. Van Evera, a deed of trust to secure in sixty days the sum of $379.00, borrowed of the said Van Evera. On the 8th day of October following, default in payment being made, Nickols, the trustee, advertised for sale the trust property, being the same upon which the plaintiff's mechanics' lien rested.

To restrain said sale, and to postpone Van Evera's debt to his, the plaintiff files his petition in chancery in this case.

claiming a priority of lien under law of 1857, having, as he alleges, filed a statement for record as the act in question required, within thirty days after the completion of the work ; and also alleging that the defendants, Nickols and Van Evera, had full knowledge of the existence of his mechanics' lien at the time they took the deed of trust from their co-defendant, Temple, on the same property.

In his answer the defendant, Van Evera, makes no denial of his knowledge of plaintiff's lien when he received from Temple the deed of trust, but he does deny that the plaintiff filed a statement of his lien as aforesaid within thirty days from the performance of the work, and claims that by virtue of his laches to do so, the plaintiff's claim must be post-poned to his own, in accordance with the language of the second section of the act in question, which reads as follows : " Any person failing to comply with the provisions of this act, within the time specified, shall still be entitled to a lien as provided in chapter 64 of the Code of Iowa ; but the same shall not have any preference or priority over purchasers or incumbrancers by deed of conveyance or mortgage of the real estate on which the lien is claimed, nor of judgment creditors, whose rights may accrue subsequent to the time within which said statement is herein directed to be filed and recorded."

From this statement it will be perceived that the point in controversy presents two questions, one of fact, and one of law. The question of fact is, whether the plaintiff did, in truth, file a statement of his lien, for record, within thirty days from the performance of the work. In our opinion, the weight of evidence establishes this fact against the plaintiff, and shows that he had finished the work on, or before the 10th of August 1857. Upon this point he must be held to his own repeated declarations made between the 4th and 10th of August, of that year ; also the implied ac-quiesence of Temple in these declarations, when, during the

same time he offered to settle with him by giving his note for the price of the work, on short time; and this being refused, he tried to borrow money to pay the plaintiff in order to obtain the key and get possession &c. It is true that subsequent to this, when he found he had neglected to file a statement of his lien, as the law required, he did perform some work on the house within thirty days of the filing of his statement. But this, we are satisfied from the evidence, was mere matter of form and done for the purpose of remedying his previous laches in complying with the statute.

Notwithstanding, however, his default in this respect, it further appears from the testimony of the witness, Dewey, that the defendant, Van Evera, at the time he loaned the money to Temple, and took a deed of trust to secure the same, had a full knowledge of the plaintiff's mechanics' lien on the premises covered by the security. The failure of Van Evera to deny in his answer the same thing charged in the petition, affords, (by implication to be sure,) additional evidence of the fact.

Under this state of case, the question of law still remains to be settled, which of these parties must be postponed to the other. This, of course, must depend upon the construction to be given to the section of the statute above quoted. The object of this statute to our minds is quite obvious. It means to say that during the time that a mechanic is furnishing material and bestowing his labor upon the premises of another, and for the space of thirty days after he has performed his work under a contract, he shall be preferred as a lien holder over purchasers and incumbrancers whose rights as such accrued during said period. If he desires to continue his priority as a lien holder beyond the thirty days, than he must file a statement of his claim in writing containing the facts prescribed in the law, and have it recorded within said period.

The object of this registry of his claim is to impart notice, not to prior incumbrancers because they are already affected with notice under the law which protects the mechanic up to that time, but to subsequent purchasers and incumbrancers, who, after the expiration of thirty, days in the absence of actual notice, are deemed to be innocent claimants, upon the ground or presumption that the mechanics' lien, if not recorded, has been waived or liquidated. Should the mechanic, however, fail to have his claim recorded within the time prescribed by said act, what is the consequence? He does not thereby lose his lien, for that is expressly saved to him in the law. Against whom then, is his lien available? It is good certainly as between him and the other contracting party whose real estate is affected by the lien. It is also good as between him and any incumbrancer whose rights accrued during the time within which he is protected and preferred under the law. It is also good in our opinion as between him and an incumbrancer whose rights accrued subsequent to the expiration of the thirty days with actual notice. What then does he lose by his laches to have his claim recorded? He simply loses a preference or priority over purchasers or incumbrancers whose rights have accrued subsequent to the time within which said statement is directed to be filed and recorded, and who had no actual notice of a subsisting mechanics' lien; and this, because the law, after the thirty days have expired, no longer affects them with implied notice.

As we weigh the evidence in this case, the plaintiff did neglect to file for record, a statement of his claim within the thirty days. But are the defendants in a condition to take advantage of this failure? What benefit would they have derived from such recording, other than notice of plaintiff's claim? This notice, however, they had already received. They were not subsequent, but prior incumbrancers, and were in fact affected both with implied notice under

the law, and actual notice under the evidence.   Under such circumstances they could not expect to be recognized in a court of conscience as *bona fide* claimants, and upon that ground be preferred in the payment of their demand to that of the plaintiff.

But on the other hand, we think the plaintiff has made a case in his petition, and under the evidence, which entitles him to relief in a court of equity; and that the court below should have given him a decree restraining the sale of the property under defendant's deed of trust, declaring and establishing the priority of plaintiff's claim, and directing that the premises upon which the lien had attached, should be sold under the plaintiff's judgment at law, with an order that the proceeds thereof be first applied to the payment of his claim and the costs of this, and the suit at law; and the residue, if any, be applied to defendant's claim.

Such a decree will now be entered in this court.

Judgment below reversed.