GILCREST V. GOTTSCHALK ET AL.

1. **Mechanic's Lien:** COLLATERAL SECURITY. The acceptance of a mortgage, for the same debt upon the same property covered by a mechanic's lien, is not collateral security within the meaning of the statute and will not divest it, unless the lien holder evinces an intention to rely upon the new security rather than upon the lien.

2. ———: ———: WAIVER. An action to foreclose the mortgage, where the petition recites all the facts and prays judgment and the enforcement of the lien, basing the claim upon an account for materials furnished, is not to be regarded as a waiver of the mechanic's lien.

3. ———: ———: LIMITATION OF ACTION. Chapter 111, Laws of 1862, does not extend the time within which the action to enforce a mechanic's lien must be commenced beyond nine months from the date within which the account was required to be filed by section 1851 of the Revision. (Code, Sec. 2137.)

4. ———: ———: RULE APPLIED. Where more than nine months had elapsed from the date of filing the account, it was *held* that the limitation could not be evaded by filing it a second time, and that the right to maintain the action was not thereby renewed.

*Appeal from Polk Circuit Court.*

FRIDAY, SEPTEMBER 25.

THIS is an action brought to enforce a mechanic's lien claimed by the plaintiffs. There was a trial by the court, in which judgment was rendered for plaintiffs. The defendant, Spofford, alone appeals from so much of the judgment as establishes the plaintiff's lien as prior and superior to the claim and lien of said appellant. The further facts of the case appear in the opinion.

*Bartle & Ball,* for appellant.

*Polk, Hubbell & Goode,* for appellees.

MILLER, CH. J.—The record shows that the plaintiffs furnished materials for the erection of a house by the defendant, Gottschalk, upon land of which he was then the owner of a lease; that the materials were furnished between the second

day of April and the 26th day of May, 1866.   On the 21st day
of June, 1866, plaintiffs made out and filed in the office of the
clerk of the District Court of Polk county, an account of the
materials furnished, duly verified, and claiming a mechanic's
lien on the house and the leasehold interest of Gottschalk in
the land.

On the 30th day of October, 1867, Gottschalk executed to
plaintiffs his promissory note for the amount of their claim
for the materials furnished, and also executed a mortgage upon
the same property, upon which the mechanic's lien was claimed,
to secure the payment of the note.

September 23d, 1868, the plaintiffs filed again in the clerk's
office an account of the materials furnished, and claiming a
mechanic's lien, and on the next day commenced this action,
stating the foregoing facts, and asking for judgment against
Gottschalk for the amount due, and that the building and said
defendant's interest in the land upon which the building was
erected be sold to satisfy the same, and that the interests of
the defendants, Spofford and Allen, be ascertained and deter-
mined, etc.

It further appears that Allen was the owner in fee of the
ground on which the building was erected, and the lessor of
the defendant, Gottschalk, and that, on the 14th day of August,
1866, Gottschalk made and delivered to the defendant, Spof-
ford, a mortgage on the building upon which the plaintiffs
claim a mechanic's lien to secure the payment of a note made
by said Gottschalk to Spofford, for $1000, which mortgage was
filed for record on the day of its execution.   The court below
adjudged the plaintiff's claim to be a prior lien to the mort-
gage of Spofford.

I.   Of this judgment Spofford complains and insists that
the plaintiffs, by taking the note and mortgage from Gotts-
chalk, have waived and lost their mechanic's lien.

The statute provides that "no person is entitled to a
mechanic's lien who takes collateral security on the same con-
1. MECHANIC'S tract."   (Rev. § 1845.)   It has been held by this
LIEN: collat-
eral security. court that the acceptance of promissory notes for
work and labor performed and materials furnished in the erec-

tion of a building, will not divest the right of a party to a mechanic's lien, unless such is the agreement of the parties. *Logan & Cook v. Attix,* 7 Iowa, 77; *Bonsall v. Taylor,* 5 Id., 546; *Scott v. Ward,* 4 G. Greene, 112. The taking of notes is not deemed to be the taking of collateral security. So, also, it has been held that where a party has done work, or furnished materials in erecting a building under a contract with the owner, a subsequent promise by a purchaser of the building, made in consideration of forbearance to sue, to pay for such work or materials, is not a collateral security, under the statute, so as to deprive the party to whom such promise was made of his mechanic's lien; *Mervin v. Sherman,* 9 Iowa, 331. The court, per WRIGHT, C. J., in that case says, that the collateral security meant by the statute is " either a separate obligation attached to the contract named, to guaranty its performance, or it may be the transfer of property or other contracts, to insure the performance of the principal agreement. And, in any event, the contract, promise or property taken must have been intended and accepted as collateral security before the lien could be said to be waived or defeated."

Upon the doctrine of these cases, it seems to us that the taking of a mortgage from the debtor upon the same identical property covered by the mechanic's lien, and for the same debt, cannot be deemed collateral security on the same contract. There is nothing in the record to show that the mortgage was intended and accepted as collateral security. It was not such unless so intended and accepted. See 1 Bouv. L. Dic., 240; Powell on Mortg., 393. The mechanic or material man will retain his lien unless he does something evincing an intention to rely upon his new or collateral security, and not upon the lien the law has given him. *Clark v. Hunt,* 33 J. J. Marshall, 558.

II. It is further urged that, by seeking to foreclose the mortgage, plaintiffs have abandoned their mechanic's lien. 2. ——: ——. We think that the petition of plaintiffs, properly waiver. understood, cannot be deemed to be simply a petition to foreclose the mortgage. It states all of the facts, and demands judgment for the sum due and for the enforcement

of their mechanic's lien, substantially as if there had been no mortgage given. The note is simply evidence of the amount of the claim, and when it becomes due. *Logan & Cook v. Attix, supra.* The petition expressly bases the plaintiffs' claim upon the amount of the account for the materials furnished. It is true that it also claims interest thereon, from the date of the note, with ten per cent. interest, but this does not indicate that there had been, or is, any abandonment or waiver of the claim upon the account and for the enforcement of the lien; on the contrary, it clearly appears that the plaintiffs rely thereon, and this is the purpose and object of the action.

III.   It is further urged, that since plaintiffs failed to prosecute an action to enforce their mechanic's lien within nine

3. ———:
limitation of
action.

months from the time of filing their account in the clerk's office, their action is barred under the statute. Revision, section 1865, provides that, in cases of this kind, suit to enforce the lien must be commenced within nine months from the time of filing the account or statement of the lien with the clerk and not afterwards, and must be prosecuted, without unnecessary delay, to final judgment. By section 1851, the account of the work done, or materials furnished, must be filed with the clerk within ninety days after all the materials have been furnished or the work done. This section, however, was amended by Chapter 111 of the Laws of 1862, to read as follows:   "But the failure to file the claim, account, settlement, or demand, in the time named in this section and in section 1847, shall not operate to defeat the claim or demand, nor the lien of the person supplying the labor or material, as against the owner, nor the contractor, nor as against any one except purchasers or incumbrancers, without notice, whose rights accrued after the ninety days and before the account, or settlement, or claim, or lien is filed."

The object of the law in requiring the filing of the claim with the clerk is to give notice to subsequent purchasers and incumbrancers; the statute affects all persons with notice prior to the expiration of the ninety days. During that time one who purchases or becomes an incumbrancer of the property, affected by the lien of the mechanic, does so with notice of

such lien, and as to such persons a failure to file the account with the clerk does not entitle them to priority over the mechanic or person entitled to a mechanic's lien; such lien is not affected by the failure to file the claim. *Noel v. Temple*, 12 Iowa, 276. The lien is expressly saved by law to the person performing the labor or furnishing the materials, and all persons purchasing the property affected by the mechanic's lien, or becoming incumbrancers thereof within the ninety days, are postponed to the holder of the mechanic's lien, although there has been no account of the mechanic's lien filed within the ninety days. *Ibid.*

The statute requires that the account or claim for the lien must be filed within ninety days from the time the work is done or the materials furnished, and that the action to enforce this lien must be brought within nine months after the filing of such account or claim, *and not afterwards*. The amendment of 1862 to section 1851, saves the lien in certain cases specified, although no account or claim has been filed within the ninety days, but it does not extend the time for bringing *suit* to enforce the lien. It must be brought within nine months from the time such account is filed, or is by the statute required to be filed; any other construction would ignore section 1865, requiring the action to enforce the lien to be brought within nine months. The failure to file the account with the clerk within the ninety days cannot have the effect to postpone indefinitely the time of bringing the action to enforce the lien. The section limiting the party to nine months from the filing of the account within which to commence his action, remains in force. So that where the account is filed with the clerk within the ninety days, the nine months begin to run from the date of such filing, and where the account is not thus filed, the time for commencing the action will begin to run from the expiration of the ninety days within which the account should have been filed. The statute makes no provision for filing the account with the clerk after ninety days from the performance of the labor or furnishing of the material for which a lien is claimed, and therefore the time for commencing an action to enforce a mechanic's lien cannot be postponed for more than nine months

after such time, by a failure to file the account with the clerk until after such time has expired. Otherwise the party claiming the lien would be enabled, by his own negligence, to extend the time of commencing his action to any length within the general statute of limitations, and thereby render section 1865 of no effect. From these views it follows that since plaintiffs filed their account, claiming a mechanic's lien, with the clerk within the ninety days prescribed by the statute, their action to enforce the lien is barred because it was not commenced within nine months from such filing, and that the filing of the account a second time, more than two years after the materials were all furnished, could not, and did not renew the right to maintain such action. The judgment must be

REVERSED.