SHICKLE, HARRISON & HOWARD IRON Co. *v.* COUNCIL BLUFFS WATER-WORKS Co. and others.

*(Circuit Court, S. D. Iowa.   December 12, 1887.)*

MECHANICS' LIEN—LOSS OF—ACCEPTANCE OF COLLATERAL SECURITY.
     A sum of money deposited as security for the performance, on the part of a construction company, of a contract with a material-man, and out of which the latter is to be paid on default of the other party, is such collateral security as will, under Acts 16th Gen. Assem. Iowa, *c.* 100, § 2, divest the material-man of his right to a mechanics' lien.

In Equity.

In substance, the bill in this cause sets forth that the complainant, the Shickle, Harrison & Howard Iron Company, made a contract with the American Construction Company, of New York, and the Council Bluffs City Water-Works Company, whereby complainant agreed to furnish material for the construction of the water-works at Council Bluffs, the construction company agreeing to pay therefor the prices fixed in the contract, and the water-works company guarantying the faithful performance by the construction company of the obligations imposed upon it by the contract; and to that end the water-works company bound itself "to deposit, as security therefor, the sum of $10,000 in the hands of the Commercial Bank of St. Louis, the sum to be applied in payment to said iron company of any sum the said construction company may fail to pay," etc.   The complaint further alleged that the American Construction Company had procured its right to construct the water-works under the provisions of certain ordinances passed by the city council, and averred that in fact all the materials furnished were furnished to the city water-works company, to whom the construction company had sold its interest.   Complainant prays for judgment against the water-works company, and for the enforcement of a mechanic's lien. Defendants demurred, and the demurrer was sustained.   Plaintiff amended, and the case was again submitted.

*Sapp & Puse*, for complainant.

*Wright, Baldwin & Haldane,* for defendants.

SHIRAS, J.   This cause has already been before the court upon a demurrer to the bill, and upon that hearing it was held that if a deposit of $10,000, provided for in the contract under which complainant furnished the pipe and other materials used in the construction of the water-works at Council Bluffs, was in fact deposited for the benefit of complain-

ants, such deposit would be the taking of collateral security, and would defeat the right to a mechanic's lien according to the express provisions of section 2 of chapter 100 of the Acts of 16th General Assembly of the state of Iowa. For a full statement of the case, and the conclusion reached, see report of the case in 25 Fed. Rep. 170. In accordance with leave granted, complainant amended the bill by averring that the water-works company did not deposit the sum of $10,000 provided for in the contract, but that such deposit was made by the American Construction Company; and the cause is now submitted on the pleadings and evidence.

The question is, did the complainant at the time of making the contract for the sale and delivery of the materials, or during the progress of the work in which the same were used, take collateral security on the contract? If so, then, by the express declaration of the statute, the complainant is not entitled to a lien.

Relying upon the ruling of the supreme court of Iowa in *Gilcrest* v. *Gottschalk*, 39 Iowa, 313, that "the taking of notes is not deemed the taking of collateral security, and that the taking of a mortgage from the debtor upon the same indentical property covered by the mechanic's lien, and for the same debt, cannot be deemed collateral security on the same contract;" and in *Construction Co.* v. *Railroad Co.*, 46 Iowa, 412, to the effect that an agreement to pay for the work done out of the money to be paid by the citizens of a county was not collateral security, but only the designation of the source whence payment was to be expected, there being no assignment or transfer of the money; and in *Bissell* v. *Lewis*, 56 Iowa, 236, 9 N. W. Rep. 177, wherein it is held that, where "two persons contract for the erection of a building on the land of one of them, it cannot be said that collateral security was taken on such contract,"—counsel for complainant have made a very ingenious argument in support of the proposition that collateral security was not taken by complainant upon the contract for the delivery of the materials furnished and used in the construction of the water-works at Council Bluffs; but the ingenuity of the argument cannot change the facts of the case.

Upon the face of the written contract, the primary agreement of purchase and sale of the materials to be furnished was in fact between the complainant and the American Construction Company; the latter company agreeing to pay the agreed prices at certain fixed dates, and the water-works company, by the fifth section of the contract, agreeing "that it does hereby guaranty the faithful performance by the said construction company of all the obligations herein set forth, and all of the provisions of this agreement; and to this end will and hereby agrees to deposit, as security for the full performance of said obligation, the sum of ten thousand dollars in the hands of the Commercial Bank of St. Louis, the same to be applied to the payment to the said iron company of any such sum as the said construction company may fail to pay in the manner herein set forth," etc. Upon the face of it, this contract does not bind the construction company and the water-works company as principals, within the rule in *Bissell* v. *Lewis*, *supra*. On the contrary, the

water-works company is a guarantor only, and its contract is clearly collateral to that of the construction company.     In *Mervin* v. *Sherman,* 9 Iowa, 331, it is said: "A party who takes collateral security on the same contract is not entitled to a mechanic's lien.     This means either a separate obligation attached to the contract named, to guaranty its performance, or it may be the transfer of property, or of other contracts, to insure the performance of the principal agreement."     In the present case, the primary contract of payment is between the complainant and the construction company, and this contract is secured by the contract of guaranty entered into by the water-works company, and this constitutes an agreement for collateral security within the meaning of the statute.

But if we adopt the view of the case urged in argument by complainant's counsel, that in fact the construction company and the water-works company were one and the same, then the point would be presented in this wise:     The complainant had contracted with the water-works company, through the agency of its double, for the furnishing of the materials in question, and the water-works company had in the original contract bound itself to secure performance of its contract by depositing the sum of $10,000 in the Commercial Bank of St. Louis, to be applied in payment of any sum not promptly paid to complainant at the dates named in the contract.     The evidence shows that this sum was in fact deposited with the Commercial Bank of St. Louis, and was in fact used in part payment of the indebtedness due to complainant for materials furnished under the contract in question.     If this does not amount to contracting for and obtaining collateral security, within the meaning of the Iowa statute, I cannot conceive how it would be ever possible to show that collateral security had been contracted for.     No other conclusion can be reached than that the complainant, not being willing to rely upon the contract for payment entered into with the construction company, required the additional security of a guaranty of payment by the water-works company, and further required and obtained an actual deposit of $10,000 for its benefit in the Commercial Bank.     By so doing, it contracted for and received collateral security for the performance of the contract of purchase, and thereby defeated its right to claim a mechanic's lien.

The decree must therefore be for a dismissal of the bill for want of equity, without prejudice to complainant's right to proceed at law for the sums due.