EVANS v. TRIPP *et al.*

1. **Mechanics' lien: RIGHTS OF SUBSEQUENT INCUMBRANCER.** Under our statute (Rev., § 1851, amended by chap. 3, Laws of 1862) a mechanics' lien for labor performed or materials furnished holds good as against intervening incumbrances for the period of ninety days from the date of the last item, without filing a statement of the, claim as provided by statute. After that time the filing is necessary in order to prevent incumbrancers from gaining priority.

2. —— **FORECLOSURE OF LIEN.** The failure to make a junior incumbrancer a party to the proceeding to foreclose the lien does not preclude the plaintiff from enforcing it as a prior lien to the incumbrance. But in such case the incumbrancer's right of redemption, or any other right he might have, would not be cut off by the decree.

*Appeal from Clinton District Court.*

SATURDAY, DECEMBER 9.

ACTION in chancery to foreclose a mortgage executed by Tripp and wife, on the 2d day of October, 1870, upon certain lots in Lyons city. Defendant Chitester, it is alleged, sets up a claim to the property through a mechanics' lien, and it is prayed that plaintiff's mortgage may be declared paramount thereto. Chitester, answering the petition, shows, that he holds a mechanics' lien for labor and materials used in building a house upon the property, the last item of which was furnished August 31, 1870. The lien was foreclosed at the June term, 1871, of the circuit court of Clinton county, and the property sold thereon; defendant claims title under the sale.

A demurrer to this answer was sustained and judgment rendered thereon for plaintiff. Chitester appeals.

*Corning & Grobe* for the appellants.

*Ellis & Spruce* for the appellee.

BECK, Ch. J.—I. Plaintiff's mortgage bears date October 2, 1870. The last item of the account upon which defend-

**2. MECHANICS' LIEN: rights of subsequent purchaser.** ants' mechanics' lien was based, was furnished August 31, 1870, but it is not shown that an account of his demand and claim for a lien was filed with the clerk of the district court before the execution of plaintiff's mortgage. The question first submitted for our determination is this: 1. Which is paramount, the plaintiff's mortgage or defendants' lien?

Revision, section 1851, makes it the duty of the mechanic or material man who has performed labor or furnished material for any improvement upon land for which a lien is given, to file with the clerk of the district court of the proper county, within ninety days after all the work or materials have been furnished, a just and true account of the demand owing to him, together with a description of the property to be charged with the lien. This section was amended by chapter 3, acts 9th General Assembly, which is in the following words: "The failure to file the claim, account, settlement or demand in the time named in this section (Rev., § 1851) * * * shall not operate to defeat the claim or demand, nor the lien of the person supplying the labor or materials, as against the owner nor the contractor, nor as against any one except purchasers or incumbrancers, without notice, whose rights accrued after the ninety days and before the account, settlement, claim or lien is filed."

Under the statute as it is amended the failure to file the notice required does not defeat the mechanics' lien against any one except incumbrancers without notice, whose rights accrued after the time fixed for filing it and before it is actually filed; that is, the incumbrancer whose claim arose after the time of filing and before actual filing has a superior lien. Incumbrancers whose claims arise before the ninety days expire, or after the notice is filed subsequent to the expiration of the ninety days, are postponed

to the mechanics' lien. This is the unmistakable language of the statute, which no words can make plainer. The reason upon which the statute is based is quite as apparent as its language. It is this: The fact that the building or improvement is being made is notice to the world, open enough for all to have warning, of the mechanics and material men's rights. It is entirely competent for the legislature to so provide and to direct that all persons shall be chargeable with such notice for ninety days after the last item of labor or materials is furnished.

An argument against this view, based upon a supposed unreasonableness, is made by appellee's counsel. It is this: If plaintiff had canceled her mortgage and taken another after the expiration of the ninety days, such an instrument would have been paramount to defendants' lien. Let it be admitted that this result would follow. The law gives the mechanic a lien until the expiration of the ninety days without the required filing; after that time the filing is necessary to perfect the lien. It is presumed that he relies upon the lien given him against incumbrances arising before the ninety days have expired. By not complying with the requirements of the law as to the record notice, after that time he abandons his claim against those who may then become incumbrancers and suffers such to acquire precedence. This certainly may not be regarded as a hardship upon the incumbrancer. The mechanic cannot complain for its results from his own omission to do that which the law requires of him in order to preserve his lien. In our opinion, therefore, the case put by counsel is attended by no unreasonable result or hardship to any one. Our conclusion upon this point is sustained by *Noel* v. *Temple et al.*, 12 Iowa, 276; *Jones* v. *Swan & Co.*, 21 id..181.

II. The point is made by the demurrer that, as the answer of defendant does not show that plaintiff was made a party to the proceedings

2. —— foreclosure of lien.

foreclosing the lien, he is not bound by it, and it is, therefore, no defense to this action. The objection is founded upon Revision, section 1858, which provides that in such actions all persons " interested in the matter in controversy and the property charged with the lien may be made parties; but such as are not made parties shall not be bound by any such proceedings."

The plain language of this statute admits of no doubt that plaintiff is not bound by the action brought to enforce the mechanics' lien, and that his rights are not affected or cut off thereby. But it is important to inquire what his rights are. As we have seen, they are not such as to defeat defendants' mechanics' lien, and the mere fact that record notice of that lien was not given does not, as against plaintiff, prevent him enforcing it as a paramount claim. Plaintiff then has no right which will place his claim over defendants', and defeat it. But this is precisely what he claims in his petition and seeks to accomplish by the action. He asks that his mortgage be declared paramount to defendants' lien, that it be foreclosed and the property sold. He is entitled to no such remedy, and the facts alleged in defendants' answer are a sufficient defense to his claim for relief as presented in his petition. He does not simply ask to contest defendants' right to enforce the mechanics' lien, or to be permitted to redeem therefrom, or any thing of the kind, but he aims at its total defeat, and attempts to make the property liable to his mortgage to the exclusion of defendants' lien. The demurrer to the answer upon this ground was improperly sustained.

What plaintiff's interest and rights are, which he could have or may set up against the action to enforce the mechanics' lien, we do not determine. The question is not before us. We simply hold that he has no such rights as those he claims in the petition.

Defendants' counsel in support of their position that plaintiff was not a necessary party to the action establish-

ing the lien, which they insist binds plaintiff, cite *The State* v. *Eads*, 15 Iowa, 114; *Shields* v. *Keys*, 24 id. 298. It is sufficient to say that neither of the cases were decided under the statute now in force providing for and regulating the enforcement of mechanics' liens. The lien in each case had its origin and was enforced before the enactment of the present statute which contains the provision above quoted, namely, Revision, section 1858.

In our opinion the court erred in sustaining plaintiff's demurrer to defendants' answer. The judgment is, therefore,

Reversed.

COLE, J., dissenting.