BYERS MACHINE COMPANY, Appellant, v. IOWA STATE HIGHWAY COMMISSION et al., Appellees.

No. 41167.

1348

Maxwell A. O'Brien, for Iowa State Highway Commission, appellee.

H. C. Schulz and William P. Welch, for Harrison Engineering & Construction Corporation and J. W. Ross, appellees.

H. B. White and William P. Welch, for United States Fidelity & Guaranty Company, appellee.

Havens & Elston, for Byers Machine Company, appellant.

KINDIG, J.—On November 27, 1928, the defendant-appellee Harrison Engineering & Construction Company entered into a contract with the defendant-appellee Iowa State Highway Commission for the construction of a road project in Harrison County. After the execution of that contract, the appellee Engineering & Construction Company furnished the appellee Iowa State

Highway Commission a bond, as required by Chapter 452 of the 1927 Code. That bond was signed by the defendant-appellee, United States Fidelity & Guaranty Company, as surety.

Some time after the execution of the aforesaid contract and bond, the appellee Harrison Engineering & Construction Company entered into a subcontract with the defendants-appellees J. W. Ross and Harold Eldridge, under which Ross and Eldridge were to perform labor and furnish material, service, and transportation in the construction of a portion of the road project covered in the contract between the original contractors and the State Highway Commission. Apparently this subcontract was completed by Ross and Eldridge January 2, 1930.

When the work was commenced by Ross and Eldridge under the subcontract does not appear in the petition. It is alleged by the plaintiff-appellant that Eldridge, but not Ross, leased from it a Byers Bulldog One-half Yard Drag Line and one Bulldog One-half Yard shovel attachment. This machinery was leased by appellant to Eldridge under written contracts dated respectively September 17 and 20, 1929. Monthly rentals, according to the written contracts, were to be paid by Eldridge to the appellant, and when the entire consideration named in the contract was thus paid as monthly rentals, the appellant could elect to sell the machinery to the lessee and credit the rentals paid as a full satisfaction of the purchase price.

After the work was completed, and before Ross and Eldridge received full payment therefor, the appellant filed its petition in the district court to establish a lien on the Ross and Eldridge funds held by the Iowa State Highway Commission to secure the rental for the machinery leased to Eldridge. Thereupon appellees The Harrison Engineering & Construction Company, The United States Fidelity & Guaranty Company, and J. W. Ross attacked the appellant's petition by a motion to dismiss because the appellant's pleading does not definitely state that the aforesaid machines were used ''in'' the work for any specific period, as required by statute. Accordingly the district court sustained appellees' motion. Appellant's petition contained the facts above recited, as well as those hereinafter set forth.

Following the completion of the work, the appellant filed with the State Highway Commission a statement of its claim for rentals due from Eldridge. The amount of this claim was $1,200.

According to the petition, the claim is not itemized in any way. Admission is made by the Iowa Highway Commission that it has in its possession funds belonging to Ross and Eldridge. In Paragraph eight of the petition it is alleged by the appellant that the aforesaid machinery was used by Ross and Eldridge "on" the work. There is nothing in the petition indicating when the machinery was thus used. Neither does it appear from the pleading how long the machinery was used in the manner and way stated. But it is said by the appellant in the aforesaid paragraph eight of its petition that the $1,200 now claimed is due it under and by virtue of the aforesaid written leases with Eldridge. Under the terms of those leases Eldridge was to pay appellant $500 per month rental for the Byers Bulldog one-half yard drag line and $100 per month rental for the Bulldog one-half yard shovel attachment. Inferentially, then, the appellant is claiming two months' rental on the two machines; but nowhere in the petition does it appear that the machines for that or any other definite period were actually used "on" (as alleged in the petition) or "in" (as required by Section 10305 of the 1927 Code) the construction of the public improvement. Said section of the statute reads:

"Any person, firm, or corporation who has, under a contract with the principal contractor or with subcontractors, performed labor, or furnished material, service, or transportation, in the construction of a public improvement, may file, with the officer authorized by law to issue warrants in payment of such improvement, an itemized, sworn, written statement of the claim for such labor, or material, service, or transportation."

Assuming, then, without deciding, that the word "on," as used in the petition, is equivalent to the word "in," as employed in the statute, and that in fact the petition alleges that the machinery was used in the construction of the public improvement, nevertheless there is nothing in the petition to show or indicate the extent the machinery was thus utilized.

So it is said by the appellees filing the motion that the appellant cannot recover under the statute. Because of this contention, we find it unnecessary to determine whether the leasing of the machinery in question by appellant to Eldridge was the furnishing of a service, as contemplated by the statute. Nothing

herein said, therefore, is to be taken as an indication whether or not the furnishing of the machinery was in fact service under the legislation in question. Nevertheless, for the purposes of this discussion, it is assumed, without deciding, that the furnishing of the aforesaid machinery might under proper conditions constitute service within the statute.

After the hearing in the district court, that tribunal sustained the motion and the appellant elected to plead no further. Judgment was entered against the appellant accordingly, and therefore it appeals. As the appellees Harrison Engineering & Construction Corporation, United States Fidelity & Guaranty Company, and J. W. Ross were the only defendants joining in the motion, they hereafter will be referred to as the appellees. Eldridge and the Iowa State Highway Commission are not involved in this appeal.

Does the petition, then, in the light of the motion state a cause of action? Obviously not. The case is controlled by Rainbo Oil Co. v. McCarthy Improvement Co., 212 Iowa 1186. There it is said that Section 10305 of the 1927 Code emphasizes the phrase ''in the construction of a public improvement.'' By that emphasis, we said in the Rainbo Oil Company case that the material, service, or transportation must be in the construction of a public improvement. Otherwise, a lien under the legislation in question will not lie. In the case at bar, the petition does not allege how long the machinery was used on the public improvement. Nothing in the petition indicates in any way the extent or portion of time that Ross and Eldridge used the machinery on the public improvement. For all that appears in the petition, such use of the machinery may have been for a day or even for a lesser time. Moreover, the machinery, during at least part of the time for which the rental is claimed by appellant, may have been used by Ross and Eldridge on some other work. Therefore this court cannot determine that the rentals accruing under the aforesaid machinery contracts between appellant and Eldridge were for the use of the machinery actually utilized in the work for any period of time. While it may be true that Eldridge is liable for the rentals named in the contracts with the appellant for the machinery, yet that obligation cannot be imposed on the appellees unless, under the assumption above made, such rental

is for the services of the machine actually used in the public improvement.

Attention is again here called to the fact that Eldridge, and not Ross, leased the machinery. (It is again assumed, without determining, that the funds belonging to Ross and Eldridge could under some circumstances be subject to a lien on a personal contract executed by Eldridge alone). A quotation from the Rainbo Oil Company case (212 Iowa 1186), supra, will be enlightening in connection with the foregoing discussion. Reading on page 1192, we there said:

"We need not consider what would have been our holding if section 3102, Code, 1897, had not been changed as it now appears in section 10305, Code, 1927. It is significant that the Legislature changed the language of the statute so as to require the furnishing of material '*in* the construction of a public improvement' instead of furnishing material '*for* the construction of any public building, bridge or other improvement.' It is also significant that the change was made at the same session of the Legislature which enlarged the ordinary meaning of the word 'material.' In taking the two sections together, it is apparent that it was the legislative intent that a recovery could be had for those things denominated in section 10299, Code 1927, as material which, under section 10305, Code 1927, were furnished and used '*in the construction of a public improvement,*' that is, used in any proper way in connection with the work of constructing the improvement. While gasoline, oils, and greases consumed or used by haulers in hauling other material, which actually go into the physical improvement, constitute material 'furnished in the construction of a public improvement,' the plaintiff has not shown that any definite portion of the gasoline, oils, and greases for which claim is made was so used."

Manifestly, then, according to the Rainbo Oil Co. case, supra (212 Iowa 1186), there can be no recovery unless it appears that a "definite portion" of the material there under consideration, and likewise a definite portion of the service in the case at bar, went into the public improvement. As said before, the appellant's petition makes no mention of the portion of the alleged service that went into the public improvement. Of course, the petition does, as before said, allege that the machinery in ques-

tion was used "on" the work, but nothing is said concerning how long it was thus used. Appellant's petition in this regard is just as indefinite as was the plaintiff's claim in the Rainbo Oil Co. case (212 Iowa 1186), supra.

Recovery was denied there because of the indefiniteness. Upon the same logic appellant's claim must be denied here for a like reason. Perhaps it is true that Eldridge owes appellant the $1,200 rental on the machinery. This fact, if it is conceded to be such, does not mean that said liability on Eldridge's part must be transferred over onto the funds due appellees, unless the service was furnished "in" the construction of the public improvement. Obviously the rental under the lease contracts between appellant and Eldridge would continue to run whether or not the machinery was used in the construction of the public improvement. But the only portion of such rental that can be imposed as a lien upon the funds belonging to appellees is such portion, if any, that accrued for service in the construction of the public improvement. The relief sought by appellant is to be granted, if at all, not because rentals have accrued under the rental contracts with Eldridge, but rather because compensation is due for service furnished in the construction of the public improvement. Consequently appellant is not entitled to relief in the case at bar because it has not shown the amount or extent of the assumed service furnished by it in the construction of the public improvement. Rainbo Oil Co. v. McCarthy Improvement Co. (212 Iowa 1186), supra.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.