MELCHER LUMBER COMPANY et al., Appellants, v. ROBERTSON COMPANY et al., Appellees.

No. 42189.

OCTOBER 24, 1933.

Johnson & Teter, for appellants.

Bradshaw, Schenk & Fowler, for appellee Continental Casualty Company.

EVANS, J.—The only question in the case is the proper interpretation of section 10305. This is as follows:

"10305. Any person, firm, or corporation who has, under a contract with the principal contractor or with subcontractors, performed labor, or furnished material, service, or transportation *in* the construction of a public improvement, may file, with the officer, board or commission authorized by law to let contracts for such improvement, an itemized, sworn, written statement of the claim for such labor, or material, service, or transportation."

The plaintiffs furnished to the contractor certain lumber to be used in the construction of forms into which the cement was to be poured. After the hardening of the cement the forms were removed and were not further devoted to the uses of the present construction. Upon their removal they were used, so far as practicable, for a like purpose on other jobs. The lumber therein contained formed no part of the improvement contracted for.

The foregoing section 10305, in its present form, is the result of a legislative amendment, which is rather pivotal in the interpretation of the section. This amendment consists of a change of prepositions—*"in"* and *"for"*.

Whereas the statute formerly rendered lienable material purchased *for* the improvement, the statute in its present form renders lienable only such material as is used *in* the improvement. We have at all times adopted the policy of strict construction of this statute in its successive forms. We have repeatedly refused to expand it by implication. We have confined its application strictly within the legislative terms. See Aetna Casualty & Surety Co. v.

Kimball, 206 Iowa 1251, 222 N. W. 31; Byers Machinery Company v. Iowa State Highway Commission, 214 Iowa 1347, 242 N. W. 22; Rainbo Oil Company v. McCarthy Improvement Company, 212 Iowa 1186, 236 N. W. 46.

In the Rainbo case we said:

"The question presented for our determination is, What is the proper construction to be placed upon section 10305, Code 1927? The instant case presents the question for the first time to this court. Before the plaintiff can recover, is it incumbent upon it to allege and prove that the gasoline, oil, and grease delivered by it to Peacock were used *in* the construction of the highway improvement? Or, when it is shown that a considerable quantity of the same was not used in the construction of the improvement, is it sufficient proof that the gasoline, grease, and oil were delivered by it *for* use in the construction of the improvement? * * *

"Chapter 244, Acts of the 43d Gen. Assem. amended this paragraph of the Code so that it now reads:

" ' "Material" shall, in addition to its ordinary meaning, embrace feed, gasoline, kerosene, lubricating oils and greases, provisions, and fuel.'

"This last amendment was enacted after the decision of this court in Ætna Casualty & Surety Co. v. Kimball, 206 Iowa 1251, 222 N. W. 31. It will be noted from the foregoing that the legislature in 1924 enlarged upon the ordinary meaning of the word 'material' as construed by this court in its former decisions, so as to include feed, provisions and fuel. The same legislature made a significant change in the original statute, now under consideration. Said original enactment, section 3102, Code, 1897, provides:

" 'Every mechanic, laborer or other person who, as subcontractor, shall perform labor upon or furnish materials *for* the construction of any public building, bridge or other improvement,' etc.

"At the same special session, when the legislature enlarged the ordinary meaning of the word 'material', they changed the statutory law then found in section 3102, Code, 1897. This statute is now found in section 10305, Code, 1927, and provides:

" 'Any person, firm, or corporation who has, under a contract with the principal contractor or with subcontractors, performed labor, or furnished material, service, or transportation, *in* the construction of a public improvement,' etc. (Writer's italics.)"

34

Applying the discussion to the case before us, the forms which were constructed from the lumber furnished by the plaintiffs were not intended to become a part of the finished improvement; nor did they become a part thereof. They were useful, and even necessary, in a practical sense to the construction of the improvement. But they were such, not as a part of the improvement, but as a necessary tool or equipment for the construction thereof. They were capable of use in successive improvements as other equipment might be. True the lumber contained therein lost its marketable value for other purposes; but the same thing is true as to other equipment of the contractor. It wears out by use; some of it sooner and the rest of it later. It is to be conceded that the relation of this material to the construction of the improvement is close. For that reason it presents an appeal to the legislative judgment for its inclusion within the terms of the statute. Such inclusion is a legislative function and not a judicial one.

We think the issue was properly decided in the district court, and its judgment is accordingly affirmed.

ALBERT, C. J., and CLAUSSEN, KINDIG, and DONEGAN, JJ., concur.