**L. F. HARPER and D. R. Harper, Co-partners, d/b/a Harper Construction Co., Appellants,**

**v.**

**G. Harold FORD and Freda W. Ford, husband and wife, Harry Cohen and Anne Cohen, husband and wife, and Claude A. Reed, Trustee, Appellees.**

**No. 54112.**

Supreme Court of Iowa.

Sept. 24, 1970.

Peters, Walker, Campbell & Pearson, Council Bluffs, and Marks, Clare, Hopkins & Rauth, Omaha, Neb., for appellants.

Johnson, Stuart, Tinley & Peters, Council Bluffs, for appellees.

REES, Justice.

This is an action in equity to foreclose a mechanic's lien against property owned in fee or being purchased under contract by the defendants G. Harold Ford and Freda W. Ford. The plaintiffs, L. F. Harper and D. R. Harper are husband and wife, and as co-partners are engaged in a business enterprise known as Harper Construction Company, with its principal place of business in Great Bend, Kansas. Defendants Cohen are the contract vendors of the property being purchased on contract by the defendants Ford, and the defendant Claude A. Reed as trustee is a purchaser from the Fords of all the property against which the lien is sought to be imposed. The plaintiffs appeal from the judgment of the trial court dismissing plaintiffs' petition after a finding by the court that no contract existed between the plaintiffs and the defendants Ford providing for the per-

formance of work or the furnishing of materials for the construction of a motel. We affirm the trial court.

The plaintiffs held several franchises for the operation of Holiday Inn Motels in the Midwest, including the franchise for Council Bluffs, Iowa, in the year 1966. The land involved in the controversy was found by the plaintiffs to be suitable for the construction of a Holiday Inn, and in 1966 plaintiffs and the defendant G. Harold Ford negotiated an arrangement under which Ford was to construct a motel on land owned, or being acquired by him on contract, and then lease it to the plaintiffs.

Defendant Ford experienced difficulty in financing the construction of a motel, and in August of 1967 advised the plaintiffs he was unable to finance the construction of the motel. Negotiations continued and a general understanding was reached under which plaintiffs were to undertake the construction of the motel with their own financing and at their own expense, and the parties were to enter into a ground lease.

Also in August 1967 and on the dates variously testified to as the record discloses as being August 15 or August 25 and apparently after the parties had reached the new understanding for the construction of the motel by the plaintiffs and the leasing of the ground by the defendants Ford, a meeting was held at the site, the plaintiff L. F. Harper, the defendant G. Harold Ford, a Mr. Clothier, construction superintendent for the plaintiffs, and a Mr. Frank Flaunt, representing the Holiday Inn corporation, were present. The record discloses that at this meeting Mr. Flaunt advised the parties the Holiday Inn corporation was insisting construction of the motel begin as soon as possible, and indicated that others in the Council Bluffs area were interested in the franchise. Mr. Flaunt was then assured by all the parties that construction of the motel would begin immediately, and Mr. Clothier was advised by his employer, the plaintiff L. F. Harper, to proceed with construction pursuant to plans previously drawn up for the defendants Ford.

Mr. Harper then returned to Kansas, and on August 26, 1967, Mr. Ford mailed the proposed lease that had been prepared by his attorney to Mr. Harper, along with two promissory notes for $20,000 each, one payable 30 days from a date to be inserted in the note, and the other payable 60 days from such date. The notes were to be executed by the Harpers as a part of the leasing agreement. Mr. Harper testified that he and his wife executed the lease on September 8, 1967, but did not execute the notes, and did not return the lease executed by him and his wife to the lessor Ford. Harper testified he went to Council Bluffs with the lease, but was unable to locate Mr. Ford.

When the defendants Ford did not hear from the plaintiffs in connection with the lease, they listed the property for sale on September 2, 1967, and sold it on September 15. The record establishes that Fords were in financial difficulties and needed the $40,000 represented by the promissory notes in order to meet their obligations. On September 27, 1967, Ford by letter notified the plaintiffs of the fact that he had negotiated the sale of the premises and suggested further negotiations with respect to the lease be entered into with Mr. Charles Peters, president of N. P. Dodge Company of Omaha.

In the meantime, certain work had been undertaken by Mr. Clothier, the construction superintendent employed by the plaintiffs, in preparing the site for the construction of the motel. Upon the receipt of the letter of September 27, plaintiffs ordered construction stopped, and filed their statement for a mechanic's lien.

Plaintiffs state but one proposition upon which they rely for reversal, namely, the trial court erred in finding no contract existed between the plaintiffs and defendants Ford for improvements to be made upon defendants' property for which the plaintiffs are entitled to a mechanic's lien. In connection with the stated proposition, the plaintiffs assert: (1) a lessor, by agreement, express or implied with a lessee for the improvement of lessor's real estate,

subjects his interest to a mechanic's lien for the reasonable value of the material and labor furnished; (2) where the lease between the parties was abandoned due to the fault of the owner, the contractor is entitled to a lien for what was done or furnished; (3) if a contract with the owner, either express or implied, is shown, the lien attaches from the date work is commenced or material is furnished; and (4) the plaintiff is not a volunteer until after notification of the cancellation of the agreement. We, therefore, conclude that the sole issue in this appeal is whether there was a lienable interest which could serve as the basis for a mechanic's lien; specifically the issue is whether there was a contract for construction that would entitle plaintiffs to foreclose a mechanic's lien under the provisions of section 572.2, Code, 1966.

I. Section 572.2, Code, 1966, provides: "Every person who shall furnish any material or labor for, or perform any labor upon, any building or land for improvement, alteration, or repair thereof, including those engaged in the construction or repair of any work of internal or external improvement, and those engaged in grading, sodding, installing nursery stock, landscaping, sidewalk building, fencing on any land or lot, by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor shall have a lien upon such building or improvement, and land belonging to the owner on which the same is situated or upon the land or lot so graded, landscaped, fenced, or otherwise improved, altered, or repaired, to secure payment for material or labor furnished or labor performed."

The plaintiffs allege the parties showed their "assent in words" on the site of the proposed motel in August of 1967, thereby entering into an express oral contract between them, although the plaintiffs modified this contention somewhat by further insisting that the arrangement between the parties constituted a contract either express or implied. We are unable to conclude that an agreement such as is contended for by plaintiffs would make section 572.2 applicable. The lease was thereafter prepared and submitted to the plaintiffs, the same having been forwarded to them by the defendants. A cover letter, or transmittal letter, which accompanied the lease when forwarded to the plaintiffs, and which is certified to us with the other exhibits, is indicative that there was no mutuality of assent between the parties with regard to a contract for construction at any time. One of the lease provisions was apparently left open for further negotiation, as the letter referred to recites: "The contents of the lease are pretty much as we discussed. There is no mention of any escalation of the rents in case of extra high occupancy or if additional units are built. I feel that in mind of inflationary economies that there should be some mention of increasing rents in the future. Please give the above thought some consideration and draw an agreement to that effect."

■ The record also discloses that on the trial of the case the plaintiff, L. F. Harper, testified he may have told Mr. Stuart, defendants' counsel, that there were certain things about the lease that weren't right and there were items he wanted to discuss with Mr. Ford. These circumstances, coupled with the uncontroverted fact that the lease which had admittedly been signed by the plaintiffs on September 8 had not been returned for execution by the defendants, indicates to us there was no meeting of the minds which is essential to either an express or implied contract, for the furnishing of materials or the performance of labor as is required by Sec. 572.2, Code. Maasdam v. Maasdam's Estate, 237 Iowa 877, 889, 24 N.W.2d 316, 322. We recognize further that the contract required by Section 572.2, Code, 1966, may be either an express contract or one implied in fact. Society Linnea v. Wilbois, 253 Iowa 953, 960, 113 N.W.2d 603, 607.

■ II. Actions for the foreclosure of mechanic's liens are purely statutory and

are in derogation of the common law. An action for the foreclosure of a mechanic's lien is based solely on the statute, and the statute is to be strictly construed. Perfection Tire & Rubber Co. v. Kellogg-Mackay Equipment Co., 194 Iowa 523, 524, 187 N. W. 32, 33; Melcher Lumber Co. v. Robertson Co., 217 Iowa 31, 250 N.W. 594.

Section 572.26, Code, 1966, provides that an action to enforce a mechanic's lien shall be by equitable proceedings, and no other cause of action shall be joined therewith. We make this reference to the last cited statute in view of the fact the defendants in their brief and argument concede the plaintiffs could have pleaded other claims, but the relief sought was for the foreclosure of a mechanic's lien, and therefore the question as to the plaintiffs' entitlement to a foreclosure of the claimed lien is the only question before us.

We conclude, therefore, the plaintiffs have failed to establish the existence of a contract entitling them to the enforcement of a mechanic's lien, and affirm the trial court.

Affirmed.

All Justices concur.