JOHN E. MAHAFFEY & ASSOCIATES, INC.
*v.* RALPH BROPHY ET AL

5-5430                                  462 S. W. 2d 226

Opinion delivered January 25, 1971

*Louis D. Jones* and *Joseph W. Segers, Jr.,* for appellant.

*Charles W. Atkinson,* for appellees.

FRANK HOLT, Justice. This appeal results from the chancellor's sustaining a demurrer to the appellant's complaint which seeks to impress a mechanics' lien upon appellees' property. The appellant is engaged in the general practice of civil engineering. By a contract with the appellees, the appellant performed certain engineering and survey services in connection with appellees' real estate as a mobile home park. The alleged improvement services performed by the appellant consisted of establishing the exact boundaries of the proper-

ty; marking the boundaries with recognized surveying monuments; establishing the elevation of the land above sea level and placing permanent bench mark monuments upon the property; locating and marking the streets, water lines, sewer lines and fire hydrants; placing monuments upon the land for the development of structures to be built by the owners; excavating upon the property for the purpose of completing the engineering work; locating and marking existing utilities; preparing a complete plan and plat of appellees' lands; and otherwise discharging all the engineering work necessary for the development of the property.

The chancellor held, in sustaining a demurrer to these allegations, that appellant's engineering work is neither permanent nor in the nature of construction; that it does not constitute improvements to or upon appellees' land; and that by Act 112 of 1969 [amendatory to Ark. Stat. Ann. § 51-601 (1947)] the legislature did not intend to broaden the lien law to include professional engineers performing these services for land development.

On appeal two points are asserted for reversal which appellant succinctly states in its contention: The crux of the issue is the construction of Act 112 of 1969 and that by its terms work of the professional engineer in land development is an improvement to or upon the land, bringing the engineer within Act 112 of 1969. We must, however, agree with the chancellor's interpretation of the Act and refusal of the asserted lien. Obviously, Act 112 of 1969 was enacted by the legislature in response to our decision in *Lambert* v. *Newman*, 245 Ark. 125, 431 S. W. 2d 480 (1968), where we held that a contractor was not entitled to a lien upon property for work performed in clearing brush and trees from land which was thereafter sold for the construction of residences. In construing the then existing lien law, § 51-601, we observed that the legislature did not intend for it to include "improvement to land" by the use of the language "improvement upon land." Promptly thereafter Act 112 of 1969 was enacted to extend the lien law for any "improvement to or upon land."

It is well established that a materialmen's lien statute is in derogation of the common law and, therefore, the statute must receive a strict construction. *Dix v. Olds,* 242 Ark. 850, 415 S. W. 2d 567 (1967). However, the procedure for perfecting a lien is liberally construed whenever it is determined that the property is subject to a lien. *Lambert* v. *Newman, supra.* Cases from other jurisdictions are cited by appellant. Because of dissimilarity in either the statutes or the facts of those cases, or both, we consider them generally of no aid in the case at bar.

It is significant that the legislature, in the preamble to this amendatory act, included this language:

"Whereas, recent court decisions have disclosed that certain contractors performing clearing, excavating, or ditching services in the process of constructing home sites were not heretofore granted the same lien as mechanics, materialmen, builders, and laborers; and

Whereas, the contractors performing these vital and indispensable services should receive the same protection as others herein named; * * *."

Applying the rule of strict construction, we must hold that the legislature did not intend by this Act to extend the lien law for the benefit of the appellant, even though it provided a lien for improvements "to" as well as "upon" the land.

Should we agree with appellant that it is included in that part of the statute which provides for "or other person" to have lien rights, we nonetheless could not agree that the type of services and improvements performed by it are encompassed by the Act. In this respect the chancellor aptly stated:

"* * * permanence and construction, either, and usually both, are inherent in the nature of an 'improvement' whether it be to or upon land. The

determination of elevations by engineering methods, locating of underground utility lines, even by digging, the staking of lot and building corners, and graphic portrayal of these things on a plat, are, by item or in gross, neither permanent nor in the nature of construction. They may all be, and doubtless are, preliminary to, and in aid of eventual construction. But they are not in themselves construction, which, in fact, may never occur. Neither are they permanent, for lot lines and building locations may be changed. And the physical locating of utility lines, though it requires digging, is no improvement in itself.

The extent of the engineering services performed in the case at bar is basically planning and not construction within the meaning of this Act. As we said in *Clark* v. *General Electric Co.*, 243 Ark. 399, 420 S. W. 2d 830 (1967), it was "at most a preparatory operation." Any change to further broaden the terms of this statute addresses itself to the legislature.

The chancellor's ruling is in all respects affirmed.