[Civ. No. 45297. Second Dist., Div. Two. Sept. 17, 1975.]

SOUTH BAY ENGINEERING CORPORATION,
Plaintiff and Respondent, v.
CITIZENS SAVINGS AND LOAN ASSOCIATION,
Defendant and Appellant.

## Counsel

Farhad Kazemzadeh, Lawrence B. Parker, Charles B. Sheppard, Andrew S. Leerskov and Helen V. Byard for Defendant and Appellant.

George C. Halversen for Plaintiff and Respondent.

## Opinion

**COMPTON, J.**—South Bay Engineering Corporation (South Bay) instituted an action to foreclose a mechanics lien in the amount of $11,821.94 on certain real property situated in the Palos Verdes area of Los Angeles County.

Prior to commencement of these proceedings Citizens Savings and Loan Association (formerly United Savings and Loan Association, and originally Cabrillo Savings and Loan Association) (Citizens) had acquired title to the property by way of foreclosure of a first trust deed held by Citizens. Citizens in turn sold parcels of the property to various individuals.

The trial court rendered a judgment establishing South Bay's lien as prior and superior to Citizens first trust deed, permitting execution sale of three parcels of property, ouster of persons in possession, and charging Citizens with any deficiency. Citizens appeals.

## FACTS

In 1966, Gordon Shawver and J. B. Graner each owning contiguous five-acre parcels of undeveloped real property in the City of Rolling Hills Estates embarked on a joint venture to subdivide the entire 10 acres and sell homesites to the public.

They engaged South Bay to make aerial topographic maps and "to make lot studies for possible subdivision as one or two tracts." South Bay performed certain of the work which, insofar as the physical property was concerned, involved the placing thereon of some engineering stakes and doughnut-shaped plaster aerial monuments three feet in diameter. Six like-size markers were painted on the streets adjacent to the property. All this was accomplished by November of 1966.

It is undisputed that aside from the placing of the markers and stakes, South Bay's services consisted of consultation and preparing plans and maps. It is further undisputed that the property was not cleared of weeds and that the markers and stakes were not visible from the street although they were apparently visible from the air or could be seen by someone walking on the property.

Subsequently, Shawver met with financial difficulties and failed to pay his share of South Bay's charges. Harold Hopkins and Lehman Horsman arranged to purchase Shawver's five-acre parcel and continue the development as previously planned. Hopkins and Horsman, in August of 1967, applied for and received a loan of $150,000 from Citizens. This loan was secured by a first trust deed on the property recorded October 4, 1967. Proceeds of the loan were used to acquire the property and clear existing encumbrances. A portion of the proceeds was set aside for construction costs.

Part of South Bay's unpaid bills was paid by Hopkins and Horsman and a "Supplemental Agreement" was entered into whereby South Bay was hired by Hopkins and Horsman to continue to provide engineering services for the subdivision. Financial difficulties also befell Hopkins and Horsman and South Bay recorded its notice and claim of mechanic's lien on September 2, 1969, and on November 25, 1970 Citizens foreclosed its deed of trust.

■ The priority of liens upon the same property generally is determined according to the time of their creation. (Civ. Code, § 2897; *Tracy Price Associates* v. *Hebard*, 266 Cal.App.2d 778 [72 Cal.Rptr. 600].) Mechanics and materialmen who furnish labor or material which contribute to a work of improvement have a lien on the property benefited (Civ. Code, § 3110, effective Jan. 1, 1971, formerly Code Civ. Proc., §§ 1181, 1182) and such liens are preferred to other encumbrances which attach subsequent to the commencement of the work of improvement (Civ. Code, § 3134, effective Jan. 1, 1971, formerly Code Civ. Proc., § 1188.1).

Since Citizens' first trust deed was created and recorded prior to the filing of South Bay's claim of lien, the latter, in order to gain priority must relate back to a time prior to October 4, 1967. This would require South Bay to establish that actual work on the ground by way of a work of improvement or site improvement had commenced prior to that date. (See *Walker* v. *Lytton Sav. & Loan Assn.*, 2 Cal.3d 152 [84 Cal.Rptr. 521, 465 P.2d 497].)

The trial court essentially based its decision on the fact that the markers constituted notice to Citizens that work had been performed on the proposed subdivision. Beyond the existence of the markers it is clear that Citizens had actual notice that South Bay had prepared certain plans and studies of the property. The element of notice, however, is not the critical issue.

Former Code of Civil Procedure section 1184.1[1] in effect at the time of these proceedings provided:

---

[1]Present Civil Code section 3102, which restates the substance of former Code of Civil Procedure section 1184.1, characterizes the types of works mentioned therein as "site improvement."

"Any person who, at the instance or request of the owner (or any other person acting by his authority or under him, as contractor or otherwise) of any lot or tract of land, grades, fills in, or otherwise improves the same, or the street, highway, or sidewalk in front of or adjoining the same, or constructs or installs sewers or other public utilities therein, or constructs any areas, or vaults, or cellars, or rooms, under said sidewalks, or makes any improvements in connection therewith, has a lien upon· said lot or tract of land for his work done and materials furnished."

Former Code of Civil Procedure section 1182[2] also in effect at the time of these proceedings provided in part:

"(a) For the purposes of this chapter, 'work of improvement' includes, but is not restricted to, the construction, alteration, addition to, or repair, in whole or in part, of any building, wharf, bridge, ditch, flume, aqueduct, well, tunnel, fence, machinery, railroad, or wagon road, the seeding, sodding, or planting of any lot or tract of land for landscaping purposes, the filling, leveling, or grading of any lot or tract of land, the demolition of buildings, and the removal of buildings.

"(b) For the purposes of this chapter, except as otherwise provided herein, 'work improvement' and 'improvement' mean the entire structure or scheme of improvement as a whole."

■ The issue then is whether the placing of the markers and stakes constituted work on the ground of a type that would give South Bay's later recorded lien priority over Citizen's earlier recorded deed of trust. We conclude that these markers and stakes were only devices to assist South Bay in preparing its maps and plans and were not themselves a "work of improvement" or a "site improvement," and that *Walker* v. *Lytton Sav. & Loan Assn., supra,* is dispositive of this case.

In *Walker,* the defendant Lytton Savings & Loan Association recorded a deed of trust to secure a construction loan after plaintiff architects had prepared plans for the proposed construction but before any physical

---

[2]Civil Code section 3106 which replaced Code of Civil Procedure section 1182, effective January 1, 1971, defines "work improvement" as including but not restricted to ". . . the construction, alteration, addition to, or repair, in whole or in part, of any building, wharf, bridge, ditch, flume, aqueduct, well, tunnel, fence, machinery, railroad, or road, the seeding, sodding, or planting of any lot or tract of land for landscaping purposes, the filling, leveling, or grading of any lot or tract of land, the demolition of buildings, and the removal of buildings. Except as otherwise provided in this title, 'work of improvement' means the entire structure or scheme of improvement as a whole."

construction had commenced. Lytton had full notice of the existence of the plans since it reviewed those plans in evaluating the loan application. The *Walker* court held that despite such notice the architects' lien did not attach until construction had commenced with actual work on the ground. This supports our conclusion that notice is not the determinative factor.

Admittedly, in the case at bar, the project contemplated only subdivision of building sites and not construction of buildings, but the principle is the same. Until some grading or clearing of the property was commenced, the nonvisible work of preparing plans and engineering studies could not provide the basis for giving the South Bay's lien priority over the Citizens' recorded deed of trust even though South Bay left its marking devices on the property. As noted, those devices were merely aids to preparing maps and plans and did not improve or alter the ground.

The judgment is reversed and the trial court is directed to enter judgment for Citizens.

Roth, P. J., and Beach, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 12, 1975.