GOLLEHON, SCHEMMER & ASSOCI-
ATES, INC., Appellant,

v.

FAIRWAY–BETTENDORF ASSOCI-
ATES et al., Appellees.

No. 60982.

Supreme Court of Iowa.

July 26, 1978.

Terry M. Giebelstein, of Lane & Waterman, Davenport, for appellant.

John S. Gosma, of Doerr, Rehling & Lindburg, Davenport, for appellees.

Considered by MOORE, C. J., and RAWLINGS, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question here is whether an architect is entitled to a mechanic's lien on real estate when he has provided services preparatory to development of the land which were not used because the project did not proceed beyond the planning stage. Plaintiff Gollehon, Schemmer & Associates, Inc., filed and sought to foreclose a lien for such services against an undeveloped 18.62 acre tract of land owned by defendant Fairway-Bettendorf Associates located in Bettendorf. Defendant Union National Bank held the first mortgage on the premises, which was subsequent in date to plaintiff's mechanic's lien. On defendant bank's motion for adjudication of law points, the trial court held plaintiff's lien was invalid and dismissed the action. We affirm.

The facts upon which the adjudication of law points was made were established by plaintiff's response to defendant bank's request for admissions.

Defendant Fairway-Bettendorf Associates employed plaintiff to provide architectural, engineering and planning services in

preparation for the development of a multi-family dwelling project on the real estate involved.

Plaintiff complied with its employment contract. In doing so, its only work on the real estate consisted of surveying it, marking its boundaries with metal pins and lathes, marking the location of a pipeline easement in the same manner, and marking the location of a sanitary sewer easement with wooden hubs. The purpose of this surveying and marking was to assist in the preparation of maps and plans; it was not otherwise related to construction. Plaintiff produced plans and specifications for the proposed project, arranged for platting, secured municipal approval of platting, and prepared specifications to be used for subcontractor bidding.

The project was abandoned before bids were obtained. As a result, plaintiff's plans were never used, and no construction occurred.

The contract balance claimed by plaintiff is $14,229.50, with interest. Its mechanic's lien was filed October 17, 1974, and this foreclosure action was commenced in 1976.

■ Mechanic's liens are creatures of statute. *Moffitt Building Material Co. v. U. S. Lumber and Supply Co.,* 255 Iowa 765, 124 N.W.2d 134 (1963). Therefore plaintiff's lien is dependent on statutory authority.

In contending its work entitles it to a mechanic's lien, plaintiff relies on § 572.2, The Code, which provides:

Every person who shall furnish any material or labor for, or perform any labor upon, any building or land for improvement, alteration, or repair thereof, including those engaged in the construction or repair of any work of internal or external improvement, and those engaged in grading, sodding, installing nursery stock, landscaping, sidewalk building, fencing on any land or lot, by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor shall have a lien upon such building or improvement, and land belonging to the owner on which the same is situated or upon the land or lot so graded, landscaped, fenced or otherwise improved, altered, or repaired, to secure payment for material or labor furnished or labor performed.

Plaintiff alleges it furnished labor for and upon the land and is thus entitled under the statute to a lien upon the land so "improved".

■ Defendant bank acknowledges plaintiff furnished labor for or upon the land but nevertheless contends it is not entitled to a mechanic's lien because its plans did not result in any improvement in the land. The dispute thus narrows to whether plaintiff's services improved the land as required by § 572.2 for a right of lien to arise.

Formerly, § 572.2 was strictly construed because it was in derogation of common law. See *Harper v. Ford,* 179 N.W.2d 772, 774–775 (Iowa 1970). However, under § 4.2, The Code, this principle is no longer applicable. The statute provides that the Code's "provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

However, we are unable to find plaintiff's services constituted an improvement of the real estate even through liberal construction of the statute.

■ The theory under which mechanic's liens are justified is that the improvement constitutes visible notice of the furnishing of labor or material. In *Evans v. Tripp,* 35 Iowa 371, 373 (1872), this court said:

The reason upon which the statute is based is quite as apparent as its language. It is this: The fact that the building or improvement is being made is notice to the world, open enough for all to have warning of the mechanics and material men's rights. It is entirely competent for the legislature to so provide and to direct that all persons shall be chargeable with such notice for ninety days after the last item of labor or materials is furnished.

See also *National Life Ins. Co. v. Ayers*, 111 Iowa 200, 204, 82 N.W. 607, 608 (1900) ("It is argued that the repairs were not open and obvious, so as to give notice to third persons; * * *. The improvements were such that any person examining the building would have been aware of them.").

It is undisputed that plaintiff's services were preliminary to construction of any improvement on the land. Although we have no doubt these services were valuable and plaintiff is entitled to compensation for them, the fact remains they did not result in any actual or visible improvement in the real estate. In such a situation, although no two statutes are the same, most courts have held no right to lien exists. 5 Am. Jur.2d Architects § 21 at 684; Annot., 35 A.L.R.2d 1391; Annot., 28 A.L.R.3d 1014.

The rationale for allowing a lien for preparing plans which are actually used is that the plans become part of the labor expended for the improvement in the same way as the labor of a carpenter or bricklayer. *Wilkinson v. Rowe*, 266 Ala. 675, 678, 98 So.2d 435, 438 (1957). When the improvement is begun the world is thereby put on notice of the rights of those who furnished labor or materials for it. When no improvement is undertaken, no such visible evidence exists. The reasoning which justifies conferring lien rights does not support recognizing a lien when no improvement has been commenced.

Plaintiff contends that, assuming this is true, the markers placed on the land during the course of surveying to assist in preparing maps and plans constituted the requisite evidence of improvement. While we agree these markers were visible evidence of plaintiff's work, we do not think they improved the land within the meaning of the statute. They aided plaintiff in preparing plans; they were preliminary to rather than part of the contemplated improvement of the land.

Other jurisdictions which have confronted this issue under analogous statutes have reached the same conclusion. See *Wilkinson v. Rowe*, supra; *John E. Mahaffey & Associates, Inc. v. Brophy*, 249 Ark. 884, 462 S.W.2d 226 (1971); *South Bay Engineering Corp. v. Citizens Savings & Loan Assn.*, 51 Cal.App.3d 453, 124 Cal.Rptr. 221 (1975); *Buckingham v. Flummerfelt*, 15 N.D. 112, 106 N.W. 403 (1906); *Daugherty v. Gunther*, 88 Wash. 378, 153 P. 336 (1915). See also *Anderson v. Breezy Point Estates*, 283 Minn. 490, 168 N.W.2d 693 (1969).

Cases relied on by plaintiff are distinguishable either on their facts or because of differences in applicable statutes. For example, in *Nolte v. Smith*, 189 Cal.App.2d 140, 11 Cal.Rptr. 261 (1961), actual work of substantial benefit to the land and integral to the project was performed. The case is explained and distinguished in *Tracy Price Associates v. Hebard*, 266 Cal.App.2d 778, 72 Cal.Rptr. 600 (1968). Other cases were decided under dissimilar statutes. See, e. g., *O'Harra v. Frazier*, 54 So.2d 688 (Fla. App.1951); *O'Hara v. Architects Hartung and Association*, 326 N.E.2d 283 (Ind.App. 1975); *Zions First National Bank v. Carlson*, 23 Utah 2d 395, 464 P.2d 387 (1970). Minnesota's rule explained in *Dunham Associates, Inc. v. Group Investments, Inc.*, 301 Minn. 108, 223 N.W.2d 376 (1974), would not support a different result here.

Our own cases support the prevailing rule that an architect is not entitled to a mechanic's lien when he drew plans and specifications for an improvement which never got beyond the planning stage. In *Foster & Libbie v. Tierney*, 91 Iowa 253, 59 N.W. 56 (1894), a mechanic's lien was denied in facts analogous to those in the present case. However, the statute at that time did not allow a lien for an improvement on land. The present statute does allow such a lien, and plaintiff argues the case is distinguishable on that basis. We believe it is, but the distinction does not help plaintiff because the present statute still requires an improvement of the land and no improvement occurred here.

Another case in which this court previously considered an architect's mechanic's lien claim is *Parson & Sons v. Brown*, 97 Iowa 699, 66 N.W. 880 (1896). It contains dicta suggesting that an architect is entitled to a mechanic's lien when some con-

struction occurs. That dicta is consistent with the holding here.

The trial court did not err in dismissing plaintiff's action.

AFFIRMED.

All Justices concur except HARRIS, J., who concurs in the result.